UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP LANCE HILLMAN                                                                    PLAINTIFF

V.                                                  CIVIL ACTION NO. 3:19-CV-791-KHJ-LGI

PRAETORIAN INSURANCE COMPANY;                                              DEFENDANTS
MIDWEST INSURANCE ALLIANCE, LLC;
MILES J. TATE; and JOHN DOES 1-10

ORDER

This action is before the Court on the Motion for Judgment on the Pleadings ("Motion for Judgment") [17] filed by Defendants Praetorian Insurance Company ("Praetorian"), Midwest Insurance Alliance, Inc. ("Midwest"), and Miles J. Tate (collectively "Defendants"); and the Motion for Leave to Supplement Response ("Motion for Leave") [27] filed by Plaintiff Phillip Lance Hillman. For the reasons below, the Court denies both motions.

I.     Facts and Procedural History

Hillman was in the course and scope of his employment with Lynn Hunt Trucking when he was injured in a car accident in May 2018. Compl. [1] ¶ 8. Hillman's injuries caused traumatic brain injury resulting in "deficits in cognition, speech[,] and ambulation." *Id.* ¶¶ 9-10. He received emergent care for his injuries and was then transferred to Mississippi Methodist Rehabilitation Center ("MMRC") in Jackson, Mississippi. *Id.* ¶ 15.

MMRC discharged Hillman "with a requirement for attendant care 24 hours a day, 7 days a week." *Id.* ¶ 16. Hillman "required assistance with activities of daily living and was wheelchair-bound and unable to effectively communicate or care for himself." *Id.* ¶ 18. The "[d]ischarge instructions from MMRC indicated that [Hillman] would require . . . 24 hour supervision." *Id.* ¶ 19. Hillman's family members provided "medically necessary supervision of him following his discharge from MMRC." *Id.* ¶ 18.

At the time of his accident, Praetorian insured Lynn Hunt Trucking for workers' compensation injuries. *Id.* ¶ 11. Midwest was Praetorian's third-party administrator for workers' compensation claims. *Id.* ¶ 12. Following Hillman's accident, a workers' compensation claim was filed under the Praetorian policy, and Midwest administered the claim. *Id.* ¶ 14.

Despite Mississippi Workers' Compensation Fee Schedule ("Fee Schedule") providing for the reimbursement of family members for supervision services, *id.* ¶ 17, Defendants "made no effort to reimburse any family members and did not communicate with MMRC or any healthcare provider to seek clarification or information concerning Mr. Hillman's attendant care/supervision needs." *Id.* ¶ 19. Hillman alleges Defendants never investigated or reimbursed for attendant care/supervision that his family members provided, nor did they tell him he was entitled to reimbursement for these services. *Id.* ¶ 21. Instead, Hillman "was forced to retain counsel and file a Petition to Controvert with the Mississippi Workers' Compensation Commission ("MWCC")." *Id.*

2

After months of litigation in the MWCC, the administrative law judge ("ALJ") ordered Defendants in July 2019 to pay Hillman's family members under the Fee Schedule at "the going rate." *Id.* ¶ 29, 31. That same month, Defendants provided partial reimbursement for the services performed from August 2018 to June 2019. *Id.* ¶ 30.

Despite the ALJ's ruling, Hillman alleges Defendants continued to "delay and deny reimbursement," by repeatedly challenging the number of hours submitted for reimbursement. *Id.* ¶ 32. Hillman moved to compel benefits before the MWCC in September 2019. *Id.* ¶ 33. Over Defendants' objections, the ALJ "ordered the defendants to pay all past due attendant care/supervision hours and suggested that the family members complete a simple form going forward . . . listing the hours worked and a brief description of service performed such as 'supervision.'" *Id.* ¶ 35. Hillman states Defendants defied this order by continuing to deny or delay payment, and that they have yet to pay any reimbursement for supervision services performed in August and September 2019. *Id.* ¶ 36.

Hillman sued in November 2019, seeking damages for Defendants' breach of their duties of good faith and fair dealing for delay and denial of benefits.

II.     Standard

Defendants bring their Motion for Judgment [17] under Federal Rule of Civil Procedure 12(c). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 305, 313

3

n.8 (5th Cir. 2002)). In reviewing a motion for failure to state a claim under Rule 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)) (alteration omitted). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

III.   Analysis

    A.   Motion for Judgment [17]

Defendants assert four reasons why they are entitled to judgment on the pleadings. First, they argue Hillman lacks standing under the Mississippi Workers' Compensation Act ("MWCA") to bring a claim for bad faith failure to pay. Instead, they contend, the bad faith claim belongs to Hillman's family members who provided him care. Second, Defendants argue Hillman's family members must have first exhausted their administrative remedies before the MWCC before suing. Third, Defendants assert that Hillman's family members lack standing to bring an independent bad faith claim under Mississippi law. Finally, Defendants argue

Hillman has failed to plead bad faith because Defendants had the right to discovery and a full hearing before providing payment to his family members.

Because Defendants argue neither Hillman nor his family members have standing to sue for bad-faith denial or delay of payment, the Court will address standing first.

1. Standing to Bring a Bad Faith Claim

Defendants argue that a bad faith claim under the MWCA belongs to Hillman's family members, as his medical providers, and not to Hillman. Defendants base this argument in "the structure of the MWCA that provides for distinct remedies held by an injured worker versus an ancillary medical provider." Memo. in Support [18] at 7. Defendants contend only Hillman's family members have standing under the MWCA to bring a claim for bad faith delay or denial of payment.

Defendants ignore long-standing Mississippi Supreme Court precedent holding that the independent tort for bad faith delay or denial of payment falls outside the MWCA's purview. *So. Farm Bureau Cas. Ins. Co. v. Holland*, 469 So.2d 55, 59 (Miss. 1984). Under Mississippi law, "an employee entitled to worker's compensation benefits from [his] employer has a separate and independent right to recover damages from the employer's worker's compensation insurer's intentional bad-faith refusal to pay compensation." *Williams v. Liberty Mut. Ins. Co.*, 741 F.3d 617, 621 (5th Cir. 2014) (citing *Holland*, 469 So.2d at 56-59). As a result, Hillman has the right to seek redress for Defendants' "independent and allegedly

5

intentional, tortious conduct in refusing to pay benefits" owed under the MWCA. *Id.* (quoting *Holland*, 469 So.2d at 59) (alteration omitted).

Furthermore, as Defendants acknowledge, *see* Memo. in Support [18] at 12-15, a bad-faith failure to pay claim belongs to the injured employee, not to his medical provider. *See McFadden v. Liberty Mut. Ins. Co.*, 803 F.Supp. 1178, 1184 (N.D. Miss. 1992) ("For all intents and purposes, the employee is a primary party to the contract with standing to assert an independent tort claim.") (citation omitted). Because medical providers are "not intended beneficiaries of the MWCA . . . [,] no special relationship exists between [medical providers] and [a] defendant workers' compensation insurer." *Id.* (internal citations omitted). Hillman's family members cannot bring a claim for breach of good faith against Defendants because Defendants owe no duty of good faith to Hillman's family members—Defendants owe that duty to Hillman. *See id.* The Court therefore finds Hillman has standing to bring a bad faith delay or denial of payment claim against Defendants.

      2.     Exhaustion of Administrative Remedies

Defendants also argue that, before Hillman's family members can proceed on their bad faith claim, they must first exhaust their administrative remedies before the MWCC. As discussed above, the bad faith claim belongs to Hillman, not to his family members. Defendants are correct that Hillman has to exhaust his administrative remedies before the MWCC. The Mississippi Supreme Court has held that a plaintiff cannot "maintain a bad faith action for refusal to pay for disputed medical services and supplies absent the [MWCC]'s prior determination

6

that those services were reasonable and necessary." *Wall v. Franklin Corp.*, 797 So.2d 973, 977 (Miss. 2001). As alleged in Hillman's Complaint, he met the exhaustion requirement, and the ALJ already determined the reasonableness and need for the supervision services Hillman's relatives provided. [1] ¶¶ 26-31, 35. Judgment on the pleadings is therefore not warranted for failure to exhaust administrative remedies.

### 3. Requirement of Discovery and Hearing

Defendants contend they cannot be liable for bad-faith delay or denial of payment because "[s]everal cases demonstrate that the . . . workers' compensation insurance carrier [is] entitled to both full discovery and a legal determination as to what attendant care is needed <u>and</u> a determination as to what amount, if any, over and beyond the ordinary care provided by a family members . . . is due." Memo. in Support [18] at 16. Despite Defendants' claim, the parties cite no cases that suggest a workers' compensation insurance carrier is entitled to discovery and a hearing before it investigates or pays reimbursement for attendant care, as Hillman alleges Defendants failed to do. Compl. [1] ¶¶ 19, 21.

The Court assumes Defendants glean this hearing "requirement" from *Graham v. City of Kosciusko*, 339 So.2d 60, 65 (Miss. 1976), and restated on the case's second appeal in *City of Kosciusko v. Graham*, 419 So.2d 1005, 1009 (Miss. 1982). Defendants misconstrue this case. In *Graham*, the Mississippi Supreme Court remanded the case to the MWCC to allow the petitioner to amend his petition to add a claim for reimbursement of nursing services his wife provided. 339 So.2d at

65. In doing so, the court stated a "full hearing should be afforded both sides." *Id.* Nothing in *Graham* suggests Defendants were entitled to discovery and a full hearing before they had any good-faith duty to consider a claim for reimbursement of services that family members provided.

That said, it appears from Hillman's allegations that Defendants received discovery and a full hearing before the MWCC and have still failed to pay or delayed payment for reimbursement for supervision services that Hillman's relatives provided. Compl. [1] ¶¶ 21-36. So even if discovery and a full hearing were required, Hillman's allegations meet that requirement. For these reasons, the Court denies the Motion for Judgment [17].

    B.    Motion for Leave [27]

Hillman moves for leave to supplement his response to Defendants' Motion for Judgment with the Full Commission Declaratory Opinion issued by the MWCC in August 2020. Because the Court denies Defendants' Motion without considering this opinion, the Court denies the Motion for Leave [27].

IV.    Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court DENIES the Motion for Judgment [17]. The Court also DENIES the Motion for Leave [27].

SO ORDERED AND ADJUDGED this the 3rd day of February, 2021.

                                                   s/ *Kristi H. Johnson*
                                                   UNITED STATES DISTRICT